UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NARGIZA ABDULLAEVA, | ) | |
| | ) | CASE NO. 1:23-cv-741 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| MERRICK GARLAND, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

Plaintiff Nargiza Abdullaeva filed a Complaint for declaratory and injunctive relief under the Administrative Procedure Act, including a petition for a writ of mandamus directed to the United States Citizenship and Immigration Services ("USCIS") department. (Doc. No. 1.) Defendants answered (Doc. No. 8), and also filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 6). Plaintiff filed a brief in opposition to the motion (Doc. No. 7), and Defendants replied (Doc. No. 10). For the reasons that follow, the motion to dismiss is GRANTED.

**I.      Background**

In 2005, Plaintiff came to the United States on an F-1 student nonimmigrant visa. (Doc. No. 1 at ¶ 18.) In 2010, the government initiated removal proceedings. (*Id.* ¶ 21.)

On May 18, 2007, Plaintiff married her husband, who at the time was a lawful noncitizen resident. (*Id.* ¶¶ 19-20.) On November 19, 2020, Plaintiff's husband filed Form 1-130 "Petition for Alien Relative" on her behalf. (*Id.* ¶ 22.) The removal proceeding against Plaintiff remained pending. (*Id.* ¶¶ 21, 24.)

1

On February 15, 2019, Plaintiff's husband became a U.S. citizen.  (*Id.* ¶ 22.)  Over two years later, on May 10, 2021, Plaintiff filed Form I-185 "Application to Register Permanent Residence or Adjust Status."  (*Id.* ¶ 23.)

By law, while a removal proceeding is pending, the presiding immigration judge has exclusive jurisdiction to hear an application for change in status.  8 C.F.R. § 1245.2(a)(1)(i).  A year later, on March 14, 2022, USCIS voluntarily dismissed its removal proceeding against Plaintiff.  (Doc. No. 1 at ¶ 24.)

Shortly thereafter on June 10, 2022, USCIS interviewed Plaintiff.  (*Id.* ¶ 25.)  USCIS issued a Notice of Interview Results indicating in part that her case was being held for review.  (*Id.* ¶ 26.)

According to the Complaint,  USCIS indicates that the average processing time for Form I-485 at the Cleveland Field Office is 14.5 months.  (*Id.* ¶ 32.)  Plaintiff filed her complaint and mandamus petition in this Court on April 12, 2023.  That filing occurred less than a year from the date when the removal proceeding terminated.  (*Id.* ¶ 24.)

## II.     Law and Analysis

Plaintiff argues that this Court has subject-matter jurisdiction.  (Doc. No. 7 at 70-71)[1]  Defendants do not challenge this Court's subject-matter jurisdiction.  (Doc. No. 10 at 88.)  The Court now considers the pending Rule 12(b)(6) motion.

### A.     Standard of Review

When addressing a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must construe the complaint in the light most favorable to the plaintiff

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

and accept all well-pleaded material allegations in the complaint as true. *United States ex rel. Ibanez v. Bristol-Myers Squibb Co.*, 874 F.3d 905, 914 (6th Cir. 2017) (setting forth the standard of review for a motion to dismiss); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The sufficiency of the complaint is tested against the notice pleading requirement that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this standard is a liberal one, a complaint must still provide the defendant with "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true," to state a plausible claim. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

The concept of facial plausibility "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [of liability]." *Twombly*, 550 U.S. at 556. However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). As such, the court will not permit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . ." *Id.* at 778 (citations omitted).

If a plaintiff pleads facts that reveal a flaw in the claim or substantiate a defense, she may plead herself out of federal court. In other words, "sometimes the allegations in the complaint affirmatively show that the claim is [deficient or disallowed as a matter of law]. When that is the case, as it is here, dismissing the claim under Rule 12(b)(6) is appropriate." *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012); *see also Riverview Health Inst. LLC v. Med. Mut. of*

3

*Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015) ("A complainant can plead himself out of court by including factual allegations that establish that the plaintiff is not entitled to relief as a matter of law.").

### B. Change in Status Application

Federal law provides a mechanism for a change in a noncitizens's residential status:

> The status of an alien who was inspected and admitted . . . into the United States . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a). "An application for adjustment of status is submitted on Form I-485 . . . ." 8 C.F.R. § 1245.2(a)(3)(ii).

USCIS "has jurisdiction to adjudicate an application for adjustment of status filed by any alien, unless the immigration judge has jurisdiction to adjudicate the application under 8 C.F.R. 1245.2(a)(1)." 8 C.F.R. § 245.2. "In the case of any alien who has been placed . . . in removal proceedings (other than as an arriving alien), the immigration judge hearing the proceeding has exclusive jurisdiction to adjudicate any application for adjustment of status the alien may file." 8 C.F.R. § 1245.2(a)(1)(i).

### 1. Relevant Timeframe

Plaintiff acknowledges that the removal proceeding against her terminated in March 2022. (Doc. No 7 at 76.) Plaintiff further confirms that she "appeared for her adjustment of status interview on June 10, 2022 and provided testimony under oath in support of her eligibility for adjustment of status." (*Id.*) *See generally* 8 C.F.R. § 1245.6.

4

Plaintiff does not offer argument or legal authority for why the Court could or should consider the amount of time her application was pending and subject to the removal proceeding immigration judge's exclusive jurisdiction. *See generally McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regul. Comm'n*, 59 F.3d 284, 293-94 (1st Cir. 1995)). Plaintiff's brief in opposition to the motion thus waives or abandons her original suggestion in the Complaint that the relevant timeframe runs from the date she initially filed Form I-485.

Having conceded the relevant timeframe, the question now before the Court is whether USCIS's failure to render a decision on Plaintiff's Form I-485 from March 2022 onward warrants either a writ of mandamus or relief under the APA.

### 2. Ministerial Task

Plaintiff's argument on both counts in her Complaint is that there has been an "unreasonable delay in issuing a decision." (Doc. No. 7 at 69.) Her Complaint "seeks to compel the ministerial task of completing adjudication of an adjustment of status application[.]" (*Id.*; *see also* Doc. No. 1 at ¶ 5.)[2] Plaintiff's case explicitly rests on the characterization that a decision on a change of status application is a ministerial task.

---

[2] *See generally Noble v. Union River Logging R. Co.*, 147 U.S. 165, 171 (1893) (recognizing "a distinction between acts involving the exercise of judgment or discretion and those which are purely ministerial; that, with respect to the former, there exists, and can exist, no power to control the executive discretion, however erroneous its exercise may seem to have been; but with respect to ministerial duties, an act or refusal to act is, or may become, the subject of review by the courts").

That characterization is at odds with longstanding precedent. Section 1255 —

> contains certain objective prerequisites which must be met before the relief afforded by that section is available. Once these conditions are satisfied, then the alien has the burden of persuading the Attorney General to exercise his discretion favorably.
>
> Simply because an alien fulfills the preliminary requirements, does not mean that he will automatically be accorded adjustment of status. Because this form of relief circumvents ordinary immigration procedures, it is extraordinary and will be granted only in meritorious cases, and the burden is on the immigrant to prove that his case is meritorious.

*Chen v. Foley*, 385 F.2d 929, 934 (6th Cir. 1967) (citation omitted). "Adjustment of status is therefore a matter of administrative grace, not mere statutory eligibility." *Ameeriar v. Immigr. & Naturalization Serv.*, 438 F.2d 1028, 1030 (3d Cir. 1971); *accord Sanghavi v. Immigr. & Naturalization Serv.*, 614 F.2d 511, 513 n.2 (5th Cir. 1980); *Putrus v. Montgomery*, 555 F. Supp. 452, 455-57 (E.D. Mich. 1982).

The United States Supreme Court recently endorsed this doctrinal view. Discussing a request for change in status under Section 1255, the Supreme Court explained:

> To be eligible for such relief, a noncitizen must show that he satisfies various threshold requirements established by Congress. Yet eligibility only gets a noncitizen so far. Because relief from removal is always a matter of grace, even an eligible noncitizen must persuade the immigration judge that he merits a favorable exercise of discretion.

*Patel v. Garland*, 596 U.S. 328, 332 (2022) (quotation omitted).[3] *Patel*'s reasoning applies also to applications decided by USCIS, which exercises the same discretion as that afforded to immigration judges where removal proceedings are pending. *See generally Santos v. Immigr. & Naturalization Serv.*, 375 F.2d 262, 263 (9th Cir. 1967).

---

[3] USCIS exercises the authority and discretion granted by Section 1255. *See* 6 U.S.C. § 557. Defendants recount the history of the creation of the Department of Homeland Security and USCIS and explain the interplay with the reference to the Attorney General in Section 1255. (Doc. No. 6-1 at 55 n.1.) The Court need not address that history for purposes of this motion.

Accordingly, USCIS decisions on change-of-status applications under Section 1255 are neither perfunctory nor ministerial tasks.

### C. Mandamus

Mandamus is a "drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Ct. for the Dist. of Columbia*, 542 U.S. 367, 380 (2004) (internal quotation marks and citation omitted). Because the writ of mandamus "is one of the most potent weapons in the judicial arsenal, three conditions must be satisfied before it may issue." *Id.* (internal quotation marks and citations omitted). A petitioner must (1) have no other adequate means to attain the relief she seeks, (2) show a clear and indisputable right to the relief sought, and (3) show that the relief is appropriate under the circumstances. *In re King's Daughters Health Sys., Inc.*, 31 F.4th 520, 525-26 (6th Cir. 2022).

The Complaint does not plead a plausible claim that satisfies the second element. Section 1255(a) does not impose a time period in which the adjudication of an application is to be completed. Plaintiff has not pleaded fact allegations that create a duty to adjudicate her application within a certain time period. *See Xu v. Gonzales*, No. C-3-07-203, 2007 WL 2815449, at *4 (S.D. Ohio Sept. 25, 2007) (collecting authorities).

For the reasons above, the motion to dismiss the mandamus petition is granted.

### D. Administrative Procedure Act

The APA empowers this Court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). "Courts can review only final agency actions under 5 U.S.C. § 704. 'Agency action' is defined to include agencies' 'failure to act.' 5 U.S.C. § 551(13)." *Barrios Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th 430, 441-42 (6th Cir. 2022). "So the federal courts may determine whether USCIS unlawfully withheld or unreasonably

delayed [a decision] under § 706(1)." *Id.* at 450. To state a claim for unreasonable delay, Plaintiffs must first allege that the agency "failed to take a discrete agency action that it is required to take," *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (emphasis omitted), and, second, that the delay was unreasonable, *Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 340 (D.C. Cir. 2023). To decide whether agency action has been unreasonably delayed, federal courts consider the factors adopted in *TRAC v. FCC*, 750 F.2d 70 (D.C. Cir. 1984). *Barrios Garcia*, 25 F.4th at 451-52.

### 1. Sixth Circuit Precedent

The Court acknowledges that the Sixth Circuit recently remarked that a "claim of unreasonable delay is necessarily fact dependent and thus sits uncomfortably at the motion to dismiss stage and should not typically be resolved at that stage." *Id.* at 451. The Court nonetheless concludes that the APA claim pleaded *here* in Count Two does not set forth a plausible claim for relief. Because the parties each rely on *Barrios Garcia*, the Court begins with that decision.

This case is distinguishable from *Barrios Garcia* as a matter of fact and a matter of law. On the factual front, the delayed USCIS process at issue there on average took five years. *Id.* at 435, 454. Here, less than a year elapsed between USCIS's ability to resolve the change-of-status application and the filing of Plaintiff's Complaint. As for legal issues, *Barrios Garcia* is even more inapposite.

In that case, the complaint challenged, *inter alia*, a delay or failure to place plaintiffs on a regulatory waitlist, *id.* at 436-37, where placement on that waitlist was nondiscretionary, *id.* at 435, 446. Because placement on that waitlist was nondiscretionary, there was no barrier in the APA to judicial review of the delay or failure to do so for the plaintiffs. *Id.* at 443. The analog

to the waitlist-placement claim from *Barrios Garcia* here would be USCIS's nondiscretionary exercise of jurisdiction over the change-of-status application once the removal proceeding ended, which concluded the immigration judge's exclusive jurisdiction over Petitioner's application. There is no allegation that USCIS delayed or failed to assume jurisdiction over her application. The Complaint indicates that USCIS did so promptly. (*See* Doc. No. 1 at ¶¶ 25-26.)

As for the challenge to USCIS's failure to issue work authorizations to plaintiffs in *Barrios Garcia*, that, too, is distinguishable. The statute at issue granted the Secretary discretion to issue a work authorization if there was a pending, bona fide U-visa application. 25 F.4th at 444. Because the statute "supplies only partly discretionary power to DHS, the statute is ambiguous enough to sustain the APA's presumption of judicial review," the Sixth Circuit held. *Id.* at 445. There is no comparable statutory ambiguity here; none is alleged in the Complaint.

Finally, *Barrios Garcia* explained the mandatory nature of USCIS's determination whether a U-visa application is bona fide. However, the Sixth Circuit further held that the statute's —

> use of "may" . . . render[s] discretionary the decision to issue work authorizations to prewaitlist U-visa applicants. To that end, we may review an unreasonably delayed determination of whether a principal U-visa application is "bona fide," but we cannot review DHS's refusal to adjudicate prewaitlist applicants' work-authorization applications.

*Id.* at 450-51. A merits decision on a change-of-status application is a matter of discretion as previously discussed, and so it is analogous to the issuance of work authorizations at issue in *Barrios Garcia*. The Sixth Circuit's holding there does not support Plaintiff's claim here.

### 2. Facts Pleaded

The Supreme Court has indicated that the passage of time alone cannot establish unreasonable delay. *See INS v. Miranda*, 459 U.S. 14, 18 (1982). This Complaint alleges nothing more.

The Complaint expressly sets forth that "[a]ccording to the USCIS website, the average processing time for an I-485 at the Cleveland Field Office is 14.5 months." (Doc. No. 1 at 7, ¶ 32.) The Complaint does not allege facts to show – and Plaintiff does not argue – that this average time itself is, or should be deemed, unreasonable. At the time the Complaint was filed in April 2023, USCIS had jurisdiction to review and decide Plaintiff's application only since the termination of the removal proceeding in May 2022 – *i.e.,* for only eleven months. There are no fact allegations or legal arguments from Plaintiff here to explain why an eleven month period, which is less than the average time for this action at this field office location, constitutes unreasonable delay. Lacking such allegations, there is no plausible basis for this Court to hold that the amount of time Plaintiff's application has been under review at USCIS constitutes unreasonable delay.

The Court also notes that Plaintiff alleges nothing peculiar to her that she claims is motivating a delay. There is no allegation of arbitrary or capricious treatment. Lacking such allegations, there is no plausible basis for this Court to hold that unique circumstances or facts particular to Plaintiff's situation render the time taken to resolve her application an unreasonable delay. In short, there are no facts pleaded that when taken as true constitute a delay, much less an unreasonable delay.

A plaintiff must allege enough facts to nudge her claim from the conceivable to the plausible. *Twombly*, 550 U.S. at 570. The "plaintiff's obligation to provide the grounds of his

10

entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("[On a motion to dismiss, courts] are not bound to accept as true a legal conclusion couched as a factual allegation."). Here, Plaintiff pleads legal conclusions such as unreasonable delay. But no facts allege that Plaintiff's application was handled any slower or worse than others. Nor are there allegations for why the time taken on Plaintiff's application was inherently unreasonable. *Cf. Kobaivanova v. Hansen*, No. 1:11-cv-943, 2011 WL 4401687, at *6 (N.D. Ohio Sept. 16, 2011) (finding three-year delay in adjudication of Form I-485 application not unreasonable).

The Complaint as pleaded does not state a plausible claim that USCIS refused to take required action or engaged in unreasonable delay. Accordingly, Plaintiff's second claim for relief under the APA is dismissed.

### III. Conclusion

For the reasons stated herein, Defendants' motion to dismiss the Complaint pursuant to Rule 12(b)(6) is GRANTED.

**IT IS SO ORDERED.**

**Date:** November 2, 2023

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　BRIDGET MEEHAN BRENNAN
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE